UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARTIN OSEGUERA-CHAVEZ, ) <br> MARIA OSEGUERA-LOPEZ, ) <br> MARIA D.S. OSEGUERA-OSEGUERA, ) <br> RIGOBERTO GARCIA JR, ) <br> BALDEMAR HUERTA-GALVAN, ) <br> ALBERTO ROSALES-TORRES, ) <br> ERIKA OSEGUERA-OSEGUERA, ) <br> ROSALINDA OSEGUERA-LOPEZ, ) <br> DOUG ALFONSO, ) <br> RIGOBERTO FARIAS-CONTRERAS, ) <br> DANIEL CAMARENA, ) <br> MIGUEL MORA-ESQUIVEL, ) <br> HAROLD WESLEY MORELAND, ) <br> GABRIELA LUDMILA SAFR, ) <br> CRESCENCIANO YANEZ-BUCIO, ) <br> BERNARDO SALAZAR-PONCE, ) <br> MANUEL SANDOVAL-VILLANUEVA, ) <br> a.k.a. Macario Anaya-Seja, ) <br> JUAN PABLO RINCON-LOPEZ, ) <br> FRANCISCO FARIAS-GUTIERREZ, ) <br> JUAN ANTONIO TREJO-PEREZ, ) <br> GREGORIO GOMEZ-LOPEZ, ) <br> JUAN TREJO-PEREZ, ) <br> EDUARDO MARTINEZ, ) <br> JUAN ANTONIO MOLINA-ABARCA, ) <br> LEONEL BARRAGAN-ROJAS, and ) <br> JOSE ALBERTO BENITEZ-CANO ) <br> Defendants. ) | NO: CR09-5452RJB <br><br> ORDER GRANTING <br> MOTION FOR <br> DISCOVERY CASE <br> COORDINATOR <br> (DKT. 141) |

ORDER. . . . 1

It is hereby **ORDERED** that Russell Aoki is appointed Discovery Case Coordinator in this matter. His/duties and the basis for his/appointment are defined within this Order.

Twenty-six defendants were charged by superseding indictment with charges that include the following: Conspiracy to Distribute Methamphetamine in violation of Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A), and 846; Conspiracy to Distribute Cocaine in violation of Title 21 U.S.C. Sections 841(a)(1), 841(b)(1)(B) and 846; Possession of Methamphetamine with Intent to Distribute in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A), and Title 18 U.S.C. Section 2; Distribution of Methamphetamine in violation of 21 U.S.C. Sections 841(a)(1) and 841 (b)(1)(B), and Title 18 U.S.C. Section 2; Distribution of Cocaine in violation of Title 21 U.S.C. Sections 841(a)(1) and 841 (b)(1)(C), and Title 18 U.S.C. Section 2; and Use of Communication Facility to Facilitate a Drug Trafficking Felony in violation of Title 21 U.S.C. Sections 841(a)(1) and 846.

The discovery in this case consists of wiretaps of approximately 15,000 telephone calls; numerous wiretap applications, supporting sworn statements and wiretap orders; and physical evidence seized by local law enforcement and federal agents. Much of the surveillance discovery involves conversations in Spanish, and not all of the discovery pertains to every Defendant.

The Discovery Case Coordinator shall oversee any discovery issues that are common to all Defendants, including the use of interpreters to translate selected pleadings and discovery. The Discovery Case Coordinator shall address discovery issues to avoid

potentially duplicative costs that would be incurred if defense counsel were to separately organize the discovery. Therefore, the Discovery Case Coordinator shall assess the most effective and cost-efficient manner in which to organize the discovery, utilizing methods such as creation of a discovery index, that will benefit all Defendants. The Discovery Case Coordinator shall also assist in providing discovery to in-custody Defendants. The Discovery Case Coordinator shall seek input from defense counsel as to their assessment of general discovery issues.

Discovery issues specific to any particular Defendant shall be addressed by defense counsel directly with the Government and not through the Discovery Case Coordinator.

The Government shall provide discovery to the Discovery Case Coordinator. To avoid delay in providing any additional discovery to defense counsel, additional discovery shall be provided directly to the Discovery Case Coordinator, who shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Discovery Case Coordinator to provide discovery in a timely manner and in a manner that is consistent with the Best Practices Policies adopted by this Court.

Defense counsel may still require support services for the particular needs of their individual Defendants, but prior to petitioning for any support staff funds, defense counsel must confer with the Discovery Case Coordinator to determine whether such services are already being addressed or could be addressed, in whole or in part.

The Discovery Case Coordinator shall petition this Court, ex parte, for funds for

staffing or outside services and shall monitor all vendor invoices. All petitions shall include a basis for the requested funds and a determination that the costs of the services are reasonable. The Discovery Case Coordinator shall also review all vendor invoices to assure that invoiced costs were for work agreed to be performed.

It is so **ORDERED**.

Dated this 6th day of August, 2009.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge

ORDER. . . . 4